Steven J. Fineman
Director
302-651-7592
Fineman@rlf.com

June 20, 2016

**VIA CM/ECF & HAND DELIVERY**

REDACTED
PUBLIC VERSION

The Honorable Richard G. Andrews
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801-3568

***Re:*** ***Ferring Pharm. Inc., et al. v. Par Pharm., Inc.*****, C.A. No. 15-173-RGA**

Dear Judge Andrews:

Further to the June 14, 2016 Order (D.I. 147), Par respectfully requests an order compelling Ferring to produce a 30(b)(6) witness (as previously agreed) to testify to topics regarding the testing of its product that was submitted to the Patent Office during prosecution of the asserted patents. Alternatively, Par requests an order compelling a complete response to Interrogatory No. 5, which was served at Ferring's request as a compromise to avoid the need for an additional deposition. The parties have exchanged several letters and held multiple meet-and-confer calls in an effort to resolve this dispute, but are at an impasse.

As part of its original applications for the asserted patents, Ferring submitted two Figures to the Patent Office. *See* Ex. 1 at FER00000034–35. According to applicants, "FIGURE 1 shows SEM pictures and EDAX analysis results for a Primary Mix granule of citric acid and magnesium oxide according to an embodiment of the invention, made by the method of Example 1." *Id.* at FER00000023. Similarly, "FIGURE 2 shows SEM pictures and EDAX analysis results for a Pre Mix granule of sodium picosulphate and potassium bicarbonate according to an embodiment of the invention, made by the method of Example 1." *Id.*[1] These "pictures were taken at the Electron Microscope Lab" at "Sun Yat-sen University, China." *Id.* [redacted]

This information is relevant to Par's noninfringement arguments and its 35 U.S.C. § 112 indefiniteness arguments. For example, the EDAX testing results submitted to the Patent Office are intrinsic evidence relevant to the scope of the asserted claims.

To obtain discovery on these images, Par's original notice of deposition under Rule

[1] SEM stands for "scanning electron microscope." EDAX stands for "Energy Dispersive X-Ray."

[2] [redacted]

30(b)(6)—served months ago—included topics directed to "Examples set forth in the Patents-in-Suit, including communications with Sun Yat-sen University and the SEM and EDAX pictures related to the Examples" (Topic 26) and "SEM and EDAX pictures of any Sodium Picosulfate Plus Products" (Topic 27). Ex. 3 at 30–31. After objecting, Ferring stated in response to both topics that it "will designate one or more witnesses to testify." *Id.* The designee for both topics was Tessa Malamud. Ex. 4 at 3. Despite several letters and meet-and-confers about other topics, Ferring never raised any issues about these topics or its designee.

[redacted]

The next business day, Ferring asked Par to "identify the questions that Par believes were properly within the scope of this topic that remain unanswered so that Plaintiffs can evaluate." Ex. 6. Par wrote back on April 6, 2016 identifying several unanswered questions, and requested a prepared witness. *See* Ex. 7.

In the meantime, Par moved for production of documents improperly withheld based on non-existent Chinese privileges. *See* D.I. 119. The Court ordered production of the withheld documents. *See* D.I. 136. [redacted]

On April 18, 2016, Ferring stated there was a lack of corporate knowledge on the SEM and EDAX analyses, and suggested that Par propound an interrogatory to obtain the information it believes it still needs. In response, Par reiterated its original request that Ferring designate another witness such as Ms. Khoo to testify. Ex. 9. Unwilling to produce another witness, Ferring argued that Par should have questioned Ms. Khoo (deposed weeks before Ms. Malamud) in her personal capacity regarding the SEM and EDAX analysis. Ex. 10. Of course, Ferring failed to acknowledge that it had already designated Ms. Malamud for the SEM and EDAX topics, giving Par no reason to question Ms. Khoo on these topics. Ferring also does not acknowledge the fact that it was improperly withholding Ms. Khoo's communications related to SEM and EDAX analyses—thereby making it impossible for Par to know that Ms. Khoo knew about the analyses.

In an effort to avoid burdening the Court until all avenues for amicable resolution were

explored, Par compromised and propounded the requested interrogatory concerning Topic 27. Par did note, however, that "[i]f Ferring's answer is insufficient or incomplete, Par reserves the right to seek the designation of another witness (such as Ms. Khoo) to testify regarding Topic No. 27." Ex. 11.

[redacted]

Ferring explicitly agreed to produce a prepared witness for Topics 26 and 27. After failing to do so, Ferring proposed that Par serve an interrogatory as a compromise. That compromise, however, resulted in additional withholding of responsive information. Par respectfully requests the Court to compel Ferring to produce Ms. Khoo to testify on these topics, or alternatively, respond fully to the interrogatory propounded.

Respectfully,

*/s/ Steven J. Fineman*

Steven J. Fineman (#4025)

cc: Counsel of Record (via CM/ECF)

---

[redacted]

**CERTIFICATE OF SERVICE**

I hereby certify that on June 20, 2016, I caused true and correct copies of the foregoing document to be served on the following counsel as indicated:

**VIA ELECTRONIC MAIL**
Mary W. Bourke
Dana K. Severance
Daniel M. Attaway
Womble Carlyle Sandridge & Rice, LLP
222 Delaware Avenue
Suite 1501
Wilmington, DE 19801
(302) 252-4320
mbourke@wcsr.com
dseverance@wcsr.com
dattaway@wcsr.com

**VIA ELECTRONIC MAIL**
John W. Cox
Chittam U. Thakore
Womble Carlyle Sandridge & Rice, LLP
Atlantic Station
271 17th Street, NW
Suite 2400
Atlanta, GA 30363
(404) 872-7000
JWCox@wcsr.com
CThakore @ wcsr.com

*/s/ Katharine L. Mowery*
Katharine L. Mowery (#5629)