WOMBLE CARLYLE SANDRIDGE & RICE
A LIMITED LIABILITY PARTNERSHIP

222 Delaware Avenue
Suite 1501
Wilmington, DE 19801

Telephone: (302) 252-4320
Fax: (302) 252-4330
www.wcsr.com

Mary W. Bourke
Partner
Direct Dial: 302-252-4333
Direct Fax: 302-661-7733
E-mail: MBourke@wcsr.com

June 21, 2016

**Via CM/ECF**
The Honorable Richard G. Andrews
United Stated District Court for the District of Delaware
844 North King Street, Unit 9, Room 6325
Wilmington, Delaware 19801

Redacted Version of D.I. 153

**Re:** *Ferring Pharms. Inc., et al., v. Par Pharm., Inc.*, C.A. No. 15-173-RGA (D. Del)

Dear Judge Andrews,

Plaintiffs write in response to Par's June 20, 2016 letter.[1] (D.I. 152.) Par's request should be denied. Par's contention that Plaintiffs' response to Par's Interrogatory No. 5 is deficient apparently centers on two subparts—(v) and (vii). Subpart (v) seeks "the reason the SEM or EDX was performed" (D.I. 152-1, Ex. 2 at 2) and subpart (vii) seeks "the batch that the sample was taken from and where, when, and how such batch was manufactured (including identification of related documents)" (*id.*). For the reasons below, Plaintiffs cannot provide additional information with respect to subpart (vii) and any additional information with respect to subpart (v) is privileged. Further, Par cannot demand that a specific person be designated in response to a Rule 30(b)(6) topic and its request is simply an attempt to redepose Ms. Khoo. Finally, the information that Par seeks is not relevant to any claim or defense remaining in this case.

## I. Plaintiffs have provided all information responsive to subpart (vii) that is available after a more than reasonable search

As indicated in Plaintiffs' response to Par's Interrogatory No. 5, Plaintiffs provided the information that was reasonably available to the corporation and further went above and beyond Plaintiffs' obligations under the Federal Rules and sought information from a nonparty outside the United States—the university lab in China that conducted the SEM and EDX testing in December 2007. Contrary to the assertion in Par's letter, Ferring has not refused to respond to subpart (vii). [redacted]

[1] As an initial matter, Plaintiffs want to ensure that there is no confusion regarding footnote 2 of Par's June 20, 2016 letter, which seems to indicate that Plaintiffs stated that the patent application included black and white versions of all of the SEM and/or EDX files that are the subject of Par's Interrogatory No. 5. As indicated in Plaintiffs' response, however, only two of the [redacted] files that were the subject of Par's Interrogatory No. 5 were used in connection with the prosecution of the patents in suit. (*See* D.I. 152-1, Ex. 2, at 6-7.)

[redacted] Further, the testing in question was done approximately 8.5 years ago and, despite a review of Plaintiffs' files and discussions with third parties, Plaintiffs simply do not have the additional information that Par seeks in this subpart.

**II. Plaintiffs have provided all non-privileged information responsive to subpart (v) that is available after a more than reasonable search.**

Subpart (v) of Par's Interrogatory No. 5 seeks the reason the SEM or EDX was performed. (D.I. 152-1, Ex. 2 at 2.) Plaintiffs' response provided the reason —namely, that the SEM and EDX were done [redacted] (D.I. 152-1, Ex. 2 at 4.) But Par wants more. Par appears to base its demand on an assumption that there are additional communications that are being improperly withheld. This is not the case. As the documents Par cites in Exhibit 8 to its letter brief show, Plaintiffs have not attempted to withhold information that was communicated from Plaintiffs to Chinese patent attorneys. [redacted]

It also appears that Par now seeks additional discovery beyond that set forth in Par's Interrogatory No. 5—namely, [redacted] As to the first question, Par was in possession of the emails in Exhibit 8 to its letter brief well in advance of serving Interrogatory No. 5 and could have asked [redacted] (D.I. 152 at 2 (quoting D.I. 152-1, Ex. 8).) Par's second question is driven soley by Plaintiffs' expert reports and the reason why SEM and EDX was chosen in 2007 is not relevant to any issue in this case.

**III. Par cannot dictate Plaintiffs' Rule 30(b)(6) witness selection**

Par requests that this Court "compel Ms. Khoo to testify on [Topics 26 and 27]." (D.I. 152 at 3.) As this Court has recognized, neither an opposing party nor the Court can compel the designation of a specific corporate witness. (Ex. 1 [April 4, 2016 Discovery Dispute Hearing Tr. in *Reckitt Benckiser Pharms. Inc. et al. v. Teva Pharms. USA, Inc.*, No. 14-1451-RGA (D. Del.)] at 39:18-40:4.) Further, Par's request is, in reality, an attempt at a second bite at the apple. Par has been on notice since June 24, 2015 that [redacted]. (*See* Ex. 2 [June 24, 2016 Attaway Letter to Anderson] at 2.) Par requested Ms. Khoo's deposition but, during the deposition, [redacted]

---

[redacted]

## IV. The information Par seeks is not relevant to any claim or defense in this case

Par has not explained how this information—"the reason the SEM or EDX was performed" (D.I. 152-1, Ex. 2 at 2) and "the batch that the sample was taken from and where, when, and how such batch was manufactured (including identification of related documents)" (*id.*)—is relevant to either infringement or Par's new § 112 defense, which is the subject of Plaintiffs' request to strike (D.I. 151). Plaintiffs do not understand how this information could be relevant to either, since it is not part of the intrinsic record and is also not publically available.

For the reasons set forth above, Plaintiffs respectfully ask that the Court deny Par's request.

Sincerely,

*/s/ Mary W. Bourke*

Mary W. Bourke