RICHARDS LAYTON & FINGER

Steven J. Fineman
Director
302-651-7592
Fineman@rlf.com

June 21, 2016

**VIA CM/ECF & HAND DELIVERY**

REDACTED
PUBLIC VERSION

The Honorable Richard G. Andrews
United States District Court for the District of Delaware
844 N. King Street
Wilmington, DE 19801-3568

***Re:*** ***Ferring Pharm. Inc., et al. v. Par Pharm., Inc.*, C.A. No. 15-173-RGA**

Dear Judge Andrews:

We write on behalf of Par in response to Ferring's motion to strike Par's amended invalidity contentions and opening expert report on indefiniteness under 35 U.S.C. § 112, ¶ 2. *See* D.I. 151. Par timely disclosed its indefiniteness defense 11 months ago and supplemented that defense with additional information as it became available during discovery. Ferring will not be prejudiced by further supplementation of Par's indefiniteness defense in rebuttal expert reports because Ferring will have a full opportunity to respond in the reply expert reports without any disruption of the case schedule. Therefore, Ferring's motion should be denied.

## A. Par's indefiniteness defense was disclosed 11 months ago and is timely.

Months ago, on July 27, 2015, Par served its Initial Invalidity Contentions disclosing:

> **2. Invalidity under 35 U.S.C. § 112**
>
> The asserted claims of '338 patent are invalid for failure to comply with the requirements of 35 U.S.C. § 112, ¶¶ 1, 2, 4. Par reserves the right to supplement based on information found through discovery.

Ex. 1 at 18; *see also id.* at 21. Ferring states that despite this nearly year-old disclosure, Par asserts "a never before raised indefiniteness defense under 35 U.S.C. § 112, ¶ 2." D.I. 151. This ignores the facts, which justify denying the extraordinary relief sought by Ferring's motion.

Par's further disclosures were also timely. Ferring correctly notes that final "contentions were due one week after the close of fact discovery." *Id.* The parties stipulated that fact discovery closed on June 17, 2016. *See* D.I. 137. Therefore, *both* Ferring's amended final infringement contentions (served on May 27, 2016) *and* Par's amended final invalidity contentions (served June 1, 2016) are timely. Ferring's argument—treating its own amendment as timely but Par's as tardy—makes no sense. If Ferring can amend its contentions without leave on the eve of expert discovery, then so can Par. Ferring cannot have it both ways.

**B. <u>Par has been unable to present its indefiniteness defense in full detail to date because Ferring withheld its claim interpretations until expert discovery.</u>**

Par's indefiniteness defense is a contingent defense that depends upon how Ferring proposes to construe the terms "coated," "layer," and "coating." Par presented its indefiniteness defense at the outset of fact discovery, and supplemented it as best it could during fact discovery as it received information from Ferring on Ferring's proposed claim constructions. But, Ferring refused to provide a definition for these terms until June 2, 2016. *See* D.I. 65; *Maytag Corp. v. Electrolux Home Prods., Inc.*, 411 F. Supp. 2d 1008, 1037 (N.D. Iowa 2006) ("It has been this court's experience that parties in patent cases rarely agree on the 'ordinary meaning [of patent terms] as understood by a person of skill in the art,' so that asserting that such a meaning should apply, without further construction, merely begs the question of what that meaning is.").

Ferring's infringement contentions shed no light on the meaning of the terms. Rather than offer a clear explanation of how Par's accused product allegedly practices the asserted claims, Ferring provided a series of cursory explanations. [redacted]

[redacted] ased on this limited disclosure, Par did not understand how Ferring intended to interpret the claim terms to arrive at such conclusions. Yet, Par supplemented its noninfringement contentions to explain how and why the claims could be indefinite, depending on the interpretation Ferring gave to the claim terms. *See* Ex. 6. Par explained that "***[i]f*** Ferring advocates that 'coated,' 'layer,' and 'coating' should be construed to cover Par's ANDA product, then the terms may be indefinite under 35 U.S.C. § 112 because the claims, viewed in light of the specification and prosecution history, do not inform those skilled in the art about the scope of the invention with reasonable certainty." *Id.* at 5. Par's argument was contingent because Ferring never disclosed its interpretations until expert discovery.

On June 2, 2016, Ferring finally disclosed the plain and ordinary meaning of the terms "coating" or "coated" as "a layer of a substance on the outer surface of another substance." Ex. 7 ¶ 46. This is the first time Ferring offered something more than snowflake or peanut analogies to explain the scope of its claims. *See* D.I. 74 at 8:19–9:23, 13:8–20 (Jan. 20, 2016).

Ferring complains that "Par's final invalidity contentions . . . only mention § 112 generally in a reservation of rights." D.I. 151 at 1. Yet, Ferring's final infringement contentions

similarly also just reserved the right to assert the doctrine of equivalents ("DOE"). *See* Ex. 5 at 2. When Par identified this, Ferring responded that its "contentions are not deficient in any respect." Ex. 8. It argued that just mentioning the DOE in passing "put Par on notice . . . . [and], as is customary, Plaintiffs' doctrine of equivalents' theory will be disclosed in their expert report(s) as it is properly the subject of expert testimony." *Id.* Ferring cannot have it both ways. If Ferring's DOE disclosure is sufficient, then so too is Par's indefiniteness disclosure.

Ferring's reliance on *Cadence Pharms., Inc. v. Paddock Labs., Inc.*, No. 11-733-LPS (D. Del. May 2, 2013) is unavailing. First, the defendants in that case never disclosed their intention to assert indefiniteness during fact discovery. Not true here. Second, the defendants were required to, but did not, seek leave to amend their contentions. Not true here. And third, the defendants had other invalidity defenses, reducing prejudice. Not true here.

Finally, courts disfavor motions to strike invalidity defenses. *See, e.g.*, *Abbott Labs. v. Lupin Ltd.*, 2011 WL 1897322, at *5 (D. Del. May 19, 2011) (refusing to strike late invalidity defenses because they are "critical," plaintiff was able to respond, and there was no bad faith); *Intermec Techs. Corp. v. Palm Inc.*, 2010 WL 2340228, at *2 (D. Del. June 7, 2000) (allowing late invalidity disclosure because exclusion would be an "extreme and unwarranted sanction").

### C. <u>The *Pennypack* factors all favor denying Ferring's motion to strike.</u>

First, there can be no surprise or prejudice to Ferring because Par timely disclosed its indefiniteness defense on July 27, 2015, timely supplemented its interrogatory responses on May 25, 2016, and timely supplemented its contentions on June 1, 2016. *See* Exs. 1, 6, 9. Also, Ferring identifies no specific discovery, experts, or evidence it needs or would have pursued. As noted in *Cadence*, "indefinite[ness] is a question of law so I'm not really persuaded that the plaintiff would have taken much, if any, additional discovery." D.I. 151, Ex. C at 80:2–6. There is no prejudice because (according to Ferring), "as is customary, [indefiniteness] will be disclosed in [Par's] expert report(s) as it is properly the subject of expert testimony." Ex. 8.

There is no prejudice to cure, so the second and third factors are inapplicable. Regardless, trial is months away and the orderly and efficient schedule will not be disrupted. After Ferring finally provided a clear claim construction position in its opening expert reports, Par will be able to address indefiniteness with more detail in the rebuttal report round. Ferring has the opportunity serve a reply report with its positions. The schedule will be unaffected. Notably, Ferring can skip rebuttal expert reports, and address indefiniteness just once in the reply round. No more rounds are needed, so Ferring's scheduling concerns are inapplicable.

For the fourth factor, Ferring does not argue there was bad faith. Therefore, this factor supports Par. Finally, the fifth factor weighs heavily against Ferring. [redacted] *See Konstantopoulos v. Westvaco Corp.*, 112 F.3d 710, 179 (3d Cir. 2015) ("'[T]he exclusion of critical evidence is an 'extreme' sanction, not normally to be imposed absent a showing of willful deception or 'flagrant disregard' of a court order by the proponent of the evidence.'" (citations omitted)). Accordingly, Par respectfully requests the Court to deny Ferring's motion to strike.

Respectfully,

*/s/ Steven J. Fineman*

Steven J. Fineman (#4025)

cc: Counsel of Record (via CM/ECF)

**CERTIFICATE OF SERVICE**

I hereby certify that on June 21, 2016, I caused true and correct copies of the foregoing document to be served on the following counsel as indicated:

**VIA ELECTRONIC MAIL**
Mary W. Bourke
Dana K. Severance
Daniel M. Attaway
Womble Carlyle Sandridge & Rice, LLP
222 Delaware Avenue
Suite 1501
Wilmington, DE 19801
(302) 252-4320
mbourke@wcsr.com
dseverance@wcsr.com
dattaway@wcsr.com

**VIA ELECTRONIC MAIL**
John W. Cox
Chittam U. Thakore
Womble Carlyle Sandridge & Rice, LLP
Atlantic Station
271 17th Street, NW
Suite 2400
Atlanta, GA 30363
(404) 872-7000
JWCox@wcsr.com
CThakore @ wcsr.com

*/s/ Katharine L. Mowery*
Katharine L. Mowery (#5629)