IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FERRING PHARMACEUTICALS INC. and FERRING INTERNATIONAL CENTER S.A.,<br><br>Plaintiffs;<br><br>v.<br><br>PAR PHARMACEUTICAL, INC.<br><br>Defendant. | Civil Action No. 1:15-cv-00173-RGA |

## MEMORANDUM ORDER

Presently before the Court are Plaintiffs' Motion in Limine (D.I. 170-17) and Defendant's Motion in Limine (D.I. 170-18). Both motions concern the scope of evidence admissible at trial with respect to the meaning of a disputed claim term. For the reasons stated below, **IT IS HEREBY ORDERED THAT** Plaintiffs' Motion in Limine and Defendant's Motion in Limine are both **DENIED** without prejudice for either party to object to specific testimony offered by the other party at trial.

On December 23, 2015, the parties submitted a joint claim construction brief in which the only disputed term was "coating" or "coated." (D.I. 65 at 9). Plaintiffs argued that the terms should be given their plain and ordinary meaning while Defendant proposed the construction "[a] shell that covers a core." (*Id.*). A Markman hearing was held on January 20, 2016 during which the Court found that the terms "have their plain and ordinary meaning, as understood to a person of ordinary skill in the art reading the patent." (D.I. 74 at 32:16-18). In addition, the Court advised that "I don't think it's a claim construction issue. I think that's an issue for expert

1

think whether or not either prior art, or Par's proposed product, has a coating or is coated is something that the experts will have an opinion on." (*Id.* at 33: 12-18).

In other words, I have already construed this claim term and I will not entertain further attempts at claim construction at trial. "At trial, parties may introduce evidence as to the plain and ordinary meaning of terms not construed by the Court to one skilled in the art, so long as the evidence does not amount to arguing claim construction." *MediaTek inc. v. Freescale Semiconductor, Inc.*, 2014 WL 971765, at *4 (N.D. Cal. Mar. 5, 2014) (alterations, emphasis, and internal quotation marks omitted). Expert testimony about the plain and ordinary meaning of claim terms supported by reference to specification and prosecution history would constitute impermissible claim construction. *See id.* at *5. Both parties' experts are, therefore, precluded from testifying that the specification and prosecution history support their views regarding the plain and ordinary meaning of the claim terms. The experts are not, however, precluded from opining on the plain and ordinary meaning or from making any reference at all to the patent specification and prosecution history. Should experts from either side refer to the specification or prosecution history in the course of their testimony regarding the plain and ordinary meaning of the claim terms, the determination of whether the testimony amounts to claim construction will be made on an objection by objection basis.

Whether an expert may testify using extrinsic evidence to support his or her testimony regarding the plain and ordinary meaning of the claim terms is context dependent. *See MediaTek inc.*, 2014 WL 971765, at *5. The parties' experts are not *per se* prevented from testifying that their views regarding the plain and ordinary meaning of claim terms are supported by extrinsic evidence such as dictionary definitions, textbooks, prior art references, or the testimony of persons

of skill in the art. Upon objection at the appropriate time, such testimony will be excluded if, in context, it amounts to claim construction.

Entered this 28 day of October, 2016.

*Richard G. Andrews*
United States District Judge