IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

FERRING PHARMACEUTICALS INC. and
FERRING INTERNATIONAL CENTER S.A.,

Plaintiffs,

v.

PAR PHARMACEUTICAL, INC.

Defendant.

Civil Action No. 1:15-cv-00173-RGA

**MEMORANDUM ORDER**

Presently before me is Plaintiffs' Motion for Attorneys' Fees. (D.I. 210). The Parties have fully briefed the issues. (D.I. 211, 214, 219). For the reasons set out below, I will **DENY** Plaintiffs' motion.

I. **BACKGROUND**

Plaintiffs filed their complaint on February 20, 2015. (D.I. 1). They alleged that Defendant's Abbreviated New Drug Application infringed U.S. Patent Nos. 8,450,338 and 8,481,083. (*Id.*). Defendant filed its answer and counterclaims on March 13, 2015. (D.I. 8). Closely tracking the dates set in the April 6, 2015 Scheduling Order (D.I. 16), the case proceeded through claim construction and trial. I issued an amended trial opinion where I found infringement on July 25, 2017. (D.I. 193). The Federal Circuit affirmed my decision on June 8, 2018. (D.I. 207-1).

The Parties asked me to construe just one term, "coating/coated," during claim construction. (D.I. 65). Plaintiff advocated that the term should have its plain and ordinary meaning. (*Id.* at 5). Defendant proposed "a shell that covers a core." (*Id.*). I resolved the claim

construction dispute at oral argument by holding that "coating/coated" had its plain and ordinary meaning. (D.I. 74 at 33:20-23). The Parties' experts did not agree on the contours of the plain and ordinary meaning of the term. (*See* D.I. 211 at 7-9; D.I. 214 at 4-7). Thus, the Parties proceeded to a two-day trial with only one substantive question for me to resolve: whether Defendant's ANDA product comprised a "spray-coated layer of sodium picosulfate coating a potassium bicarbonate core." (D.I. 211 at 9-12; D.I. 214 at 7-9).

## II. LEGAL STANDARD

"The court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. An exceptional case is one which stands out due to the substantive weakness of a party's litigation position or the unreasonable manner in which it was litigated. *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014). District judges are free to exercise their discretion on a case-by-case basis, considering the totality of the circumstances, when determining whether attorneys' fees are appropriate. *Id.* at 1756. The applicable burden of proof that a litigant must carry to win attorneys' fees is a preponderance of the evidence. *Id.* at 1758.

## III. DISCUSSION

Plaintiffs makes essentially one argument to support their position that they should receive attorneys' fees. They assert that Defendant was unreasonable in pursuing a noninfringement position based on the coating/coated limitation after claim construction. (*See* D.I. 211 at 13-19).

I do not agree with Plaintiffs' view that Defendant's position was so substantively weak as to render this case exceptional. In response to my claim construction order, both Parties submitted expert reports which addressed the plain and ordinary meaning of "coating/coated." (*See* D.I. 214 at 5 n.6). The experts' positions on the meaning of the term did not align. (*Id.*).

2

Given my claim construction and the underlying facts, this disagreement created a triable dispute. Although I ultimately rejected Defendant's position on the plain and ordinary meaning of "coating/coated," I cannot say that Defendant was so unreasonable in seeking a final decision from the Court as to merit imposition of attorneys' fees. It was not outside the realm of possibility that Defendant, through its expert and extrinsic evidence, would convince me at trial that the plain and ordinary meaning of "coating/coated" was narrower than the plain and ordinary meaning offered by Plaintiffs.

In every other way, this case was unexceptional. The Parties' briefs suggest that Defendant engaged in good faith efforts to simplify issues and to reduce resources expended in the case while reasonably pursuing a resolution on the merits. (*See id.* at 1-3; D.I. 219 at 3). I therefore conclude that Defendant's conduct does not rise to a level that would make this case exceptional.

## IV.  CONCLUSION

Plaintiffs have not proven by a preponderance of the evidence that Defendant's litigation position was exceptionally substantively weak or that Defendant's conduct during this litigation was exceptionally unreasonable. Plaintiffs' Motion for Attorneys' Fees (D.I. 210) is **DENIED**.

IT IS SO ORDERED this 19 day of December 2018.

Richard G. Andrews
United States District Judge

3